UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

THOMAS J. McGINLEY,

                Plaintiff,

                                                DECISION AND ORDER
      v.                                         05-CV-328A

JO ANNE B. BARNHART,
Commissioner of Social Security,

                Defendant.

## INTRODUCTION

Plaintiff Thomas J. McGinley commenced the instant action pursuant to 42 U.S.C. § 405(g), on May 10, 2005, seeking review of a final determination of the defendant, Jo Anne Barnhart, the Commissioner of Social Security (the "Commissioner"), disallowing plaintiff's period of disability and disability insurance benefits under the Social Security Act. Plaintiff, a former airline pilot, claims to be disabled due to myriad physical impairments, including reactive airway disease, gastroesophageal reflux disease, Barrets esophagus, actinic keratosis, chronic rhinosinusitis, globus sensation, recurrent hoarseness, throat pain, postnasal drip of the chronic rhinosinusitis, episodes of tightness of the throat and difficulties breathing ussually with increased activity or during periods of stress, and solar keratosis on his face. On October 18, 2005, the Commissioner moved for judgment on the pleadings. On December 19, 2005, the plaintiff cross-moved for summary judgment. On January

24, 2006, the Commissioner filed a response memorandum, opposing the motion for summary judgment.

For the reasons stated herein, the Court finds that the plaintiff is not entitled to benefits because substantial evidence in the record demonstrates that plaintiff's medically determinable impairments did not prevent him from working. Therefore, the Commissioner's decision must be affirmed.

## PROCEDURAL HISTORY

Plaintiff filed an application for disability insurance benefits on October 29, 2001 (Tr. 46-48).[1]  The application was denied (Tr. 40-43), and plaintiff requested a hearing before an administrative law judge ("ALJ") (Tr. 45), which was held on June 26, 2003 (see Tr. 339-75).  In a decision dated November 4, 2003, the ALJ before whom plaintiff appeared issued a decision finding that plaintiff was not disabled (Tr. 24-32). This decision became the Commissioner's final decision because on March 18, 2005, the Appeals Council denied plaintiff's request for review (Tr. 5-7).  This action followed.

## DISCUSSION

This Court may set aside the Commissioner's decision only if it is based upon legal error or her factual findings are not supported by substantial evidence.  42 U.S.C. § 405(g).  The Supreme Court has defined the term "substantial evidence," in

---

[1] Page citations are to the transcript of the administrative record filed by the Commissioner as part of her answer.

the context of a Social Security case, as "more than a mere scintilla" and as that evidence which "a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)).

The ALJ found that despite plaintiff's medical impairments, he retained the residual functional capacity to perform a wide range of medium work. Specifically, the ALJ found that plaintiff could stand and/or walk for six hours and sit for two hours in an eight-hour day, lift up to 50 pounds occasionally and up to 20 pounds frequently (Tr. 31). The ALJ found that plaintiff was capable of performing his past relevant job as an airline pilot, which was classified as light work as performed in the national economy (Tr. 31). After reviewing the record and the submissions of the parties, the Court finds that substantial evidence supports the ALJ's findings.

Plaintiff argues that the ALJ ignored the opinions of plaintiff's treating physician that plaintiff could not work as an airline pilot. The Court finds that this argument is without merit.

The treating physician's opinion about whether plaintiff could perform the job of an airline pilot is a vocational opinion, see Espino v. Shalala, 1993 WL 773860 at *6 (W.D. Tex. 1993) (citing Millet v. Schweiker, 662 F.2d 1199, 1203-04 (5th Cir. 1981)), and as such, is not binding on the ALJ. Id. Therefore, the treating physician's opinion in this case that plaintiff could not work as an airline pilot due to vocational factors is not entitled to special weight. Compare 20 C.F.R. § 404.1527(d)(2) (the treating source opinion regarding the nature and severity of a claimant's impairment is entitled to special weight).

Nor is the treating physician's opinion that plaintiff was incapable of returning to his past relevant work entitled to any special weight. An ALJ is not required to adopt an treating physician's opinion on the ultimate issue of whether a claimant is capable of returning to his past relevant work. Sanchez-Wentz v. Barnhart, 216 F.Supp.2d 967, 979 (D. Neb. 2002) (citing Qualls v. Apfel, 158 F.3d 425, 428 (8th Cir. 1998)); see Snell v. Apfel, 177 F.3d 128, 133-34 (2d Cir. 1999) (a doctor's opinion on the ultimate issue of disability is not controlling on the Commissioner).

In any event, the ALJ did provide adequate justification for not crediting the treating physician's opinion. The ALJ found that the treating physician's opinion that plaintiff was unable to work as a pilot was contradicted by the Dictionary of Occupational Titles (Tr. 30). The Commissioner's regulations provide that the Dictionary of Occupational Titles is a reliable source of job information. 20 C.F.R. § 404.1566(d)(1). As the ALJ explained, the Dictionary of Occupational Titles shows that the occupation of commercial airline pilot does not involve exposure to detrimental environmental conditions (Tr. 30). U.S. Dept. of Labor, Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles, § 196.623-014 (1993). Therefore, the ALJ was justified in not accepting the treating physician's assessment that plaintiff was incapable of working as an airline pilot due to environmental irritants in airplane cockpits.

Plaintiff also claims that the ALJ failed to deal with plaintiff's multiple medical conditions, such as actinic keratosis, reactive airway disease, globus sensation, recurrent hoarseness, post nasal drip, gastroesophageal reflux disease, and episodes of tightness of the throat. Contrary to plaintiff's claim, the ALJ addressed

these impairments. In his decision, the ALJ acknowledged the treating physician's June 14, 2001 letter, in which he reported that plaintiff had solar keratosis on his face which had been treated twice without recurrence since the last treatment (Tr. 29). The ALJ also noted the treating physician's August 6, 2001 letter in which he stated that plaintiff's hoarseness and globus sensation had resolved. The ALJ also mentioned the treating physician's statement that plaintiff had no reflux problems since he had been on medication, and that plaintiff's post nasal drip and nasal obstruction had cleared (Tr. 29). Therefore, plaintiff's claim that the ALJ failed to address plaintiff's impairments is not supported by the record.

Not only did the ALJ address plaintiff's various impairments, but the record supports the ALJ's conclusions. Plaintiff contends that he had been disabled since May 18, 2001, due to acid reflux, Barretts throat, inflamed stomach, solar keratosis on his face, and severe congestion (Tr. 55). However, the record shows that these conditions were either resolved by the time of plaintiff's alleged onset of disability or controlled by medication. A medical condition that can be controlled by treatment is not disabling. Tinsley v. Barnhart, 2005 WL 1413233 (D. Conn. 2005) at *7 (citing Wartford v. Bowen, 875 F.2d 671, 673 (8th Cir. 1989)).

Plaintiff also contends that the ALJ did not properly evaluate plaintiff's subjective complaints, because his medical impairments are confirmed by plaintiff''s doctors. However, the mere presence of an impairment does not qualify a claimant for disability benefits. Harnisher v. Apfel, 40 F. Supp. 2d 121, 127 (E.D.N.Y. 1999). The claimant must show that he has an impairment that is reasonably likely to cause the degree of limitations alleged. Assuming such a showing is made, the ALJ must then

evaluate the intensify and persistence of the limitations caused by the alleged symptoms. 20 C.F.R. § 404.1529.

Plaintiff takes issue with the ALJ's rejection of his claim that he is disabled because he can never be in sunlight and that sunblock does not help (Tr. 30). However, as the ALJ found, there is no evidence in the record to confirm that plaintiff was ever told by his treating physicians that he should never be exposed to sunlight. Instead, he was counseled to use sunblocks and to practice appropriate skin protection procedures (Tr. 154, 128, 99).

Plaintiff's suggestion that he had a mental impairment resulting in limitations such as concentrating and remembering must also be rejected, because there is no such evidence in the record. Further, plaintiff's argument that the ALJ did not consider the effect of plaintiff's environmental limitations is not accurate. As discussed above, the ALJ considered the opinion of plaintiff's treating physician and concluded that plaintiff's past relevant work as an airline pilot does not require exposure to environmental irritants (Tr. 30).

## **CONCLUSION**

For the reasons stated, the Court grants the Commissioner's motion for judgment on the pleadings and denies the plaintiff's cross-motion for summary judgment. The Clerk of Court shall take all steps necessary to close the case.

IT IS SO ORDERED.

                                 /s/ *Richard J. Arcara*
                                 HONORABLE RICHARD J. ARCARA
                                 CHIEF JUDGE
                                 UNITED STATES DISTRICT COURT

DATED: December 22, 2006